JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHERRIE ATTEBERRY, an individual,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOOD AND DRUG CENTER; TYLER TATE, an individual; DOE INDIVIDUALS I through XX; ROE LEGAL ENTITIES I through XX, inclusive,<br><br>　　　Defendants. | Case No. 2:21-cv-01984-CDS-EJY<br><br>**JOINT PRETRIAL ORDER** |

The parties, by and through their undersigned counsel, hereby submit this Joint Pretrial Order pursuant to Local Rule 16-3. After pretrial proceedings in this cause,

IT IS SO ORDERED:

### I.

### STATEMENT OF THE FACTS/CONTENTIONS OF THE PARTIES

This is a premises liability case arising out of an alleged slip and fall that occurred at a North Las Vegas SMITH'S grocery store on September 16, 2019. Specifically, Plaintiff alleges that she slipped and fell on a clear liquid substance that was on the floor. Plaintiff alleges that Defendant was negligent, and the negligence was the proximate cause of her injuries. Defendant denies Plaintiff's allegations.

As a result of the incident, Plaintiff alleges she suffered injuries specifically to her cervical spine.

**Plaintiff's Contentions:**

Plaintiff contends SMITH'S had actual and/or constructive notice that the area where the incident occurred contained a hazardous condition. Moreover, Plaintiff further contends that SMITH'S should have undertaken to warn Plaintiff. Finally, Plaintiff contends that SMITH'S negligence proximately caused injuries to Plaintiff.

**Defendant's Contentions:**

Defendant denies Plaintiff's allegations and contends that it exercised reasonable care and that Plaintiff has failed to establish a prima facie case of negligence.

Defendant denies Plaintiff's allegations of negligence and contends that Plaintiff was also negligent by failing to take actions to prevent the accident from occurring.

Defendant further contends that the injuries claimed by Plaintiff were not proximately caused by the incident at SMITH'S.

Defendant also contends that Plaintiff's alleged future damages should be excluded from consideration by the jury. In the alternative, Defendant contends that Plaintiff's evidence of future damages fails to meet the requisite burden of proof.

## II.

## STATEMENT OF JURISDICTION

Plaintiff resided in Las Vegas, Nevada at the time of the accident; and still resides in Las Vegas, Nevada today. Defendant Smith's Food and Drug Centers, Inc. is a foreign corporation, licensed to do business in the County of Clark, State of Nevada. This matter involves a claim for damages in excess of $75,000. Jurisdiction is therefore based upon diversity of citizenship under 28 U.S.C. § 1332. The parties admit that jurisdiction is proper and admit that venue is proper pursuant to 28 U.S.C. § 1391.

/ / /

/ / /

/ / /

/ / /

CLAC 7171242.1

## III.

## ~~LIST OF CLAIMS FOR RELIEF~~

~~Plaintiff's Complaint contains causes of action for negligence. As a result, Plaintiff is claiming past and future medical expenses.~~

## IV.

## ~~LIST OF AFFIRMATIVE DEFENSES LISTED IN DEFENDANT'S ANSWER~~

~~In addition to affirmatively denying Plaintiff's allegations and the contentions set forth above, Defendant has also affirmatively pled the following defenses:~~

~~1. Failure to mitigate damages; and~~

~~2. Comparative negligence~~.

## V.

## THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

1. Venue is proper in the United States District Court for the District of Nevada in Las Vegas, Nevada.

2. This lawsuit arises out of a slip and fall that occurred on September 16, 2019, at a SMITH'S store in North Las Vegas, Nevada.

## VI.

## THE FOLLOWING FACTS, ALTHOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

1. Defendant owned and operated the SMITH'S grocery store located at 4700 West Ann Road, North Las Vegas, NV 89031.

2. SMITH'S is a resident, for purposes of diversity jurisdiction, of the States of Ohio and Utah.

3. Plaintiff is a citizen and resident of Las Vegas, Nevada.

/ / /

/ / /

/ / /

/ / /

3

For future filings, the parties are reminded to follow the content format at set forth in LR 16-4.

# VII.

## THE FOLLOWING ARE THE PARTIES' STATEMENT OF OTHER ISSUES OF FACT TO BE DETERMINED UPON TRIAL

A. **Plaintiff:**

1. Whether an employee of SMITH'S store negligently caused the condition that led to Plaintiff slipping and falling?

2. Whether SMITH'S failed to provide a safe environment for customers of the SMITH'S Store?

3. Whether an employee of SMITH'S store negligently failed to take adequate measures to protect against the type of conditions that led to Plaintiff slipping and falling?

4. Whether the hazardous condition was readily apparent to Plaintiff?

5. Whether SMITHS'S negligently failed to keep the aisles and passageways in the SMITH'S store in a reasonably safe condition for SMITH'S customers?

6. Whether SMITH'S negligently failed to warn Plaintiff of an unsafe condition?

7. Whether SMITH'S negligently failed to supervise and or train its employees to deal with unsafe conditions that SMITH'S employee allegedly created?

8. Whether Plaintiff is entitled to recover damages for the loss of future income?

9. Whether Plaintiff suffered injuries as a result of SMITH'S negligence?

10. Whether the injuries Plaintiff sustained were proximately caused by her slipping and falling as a result of SMITH'S negligence?

11. Whether the medical expenses allegedly incurred by Plaintiff as a result of SMITH'S negligence was reasonable and necessary?

12. Whether Plaintiff is entitled to general damages for her pain and suffering?

13. Whether Plaintiff is entitled to damages for future medical care and expenses incidental thereto?

B. **Defendant:**

1. What caused Plaintiff to fall at the SMITH'S store?

4

CLAC 7171242.1

2. Whether Plaintiff was negligent?

3. Whether SMITH'S was negligent?

4. Whether Plaintiff can prove that SMITH'S negligently failed to provide a safe environment?

5. Whether Plaintiff can prove that SMITH'S negligently failed to warn Plaintiff of a known hazard?

6. Whether Plaintiff can sustain her burden of proof regarding her claims for future damages?

7. Whether Plaintiff can sustain her burden of proving past damages?

8. Whether Plaintiff can prove, to a reasonable degree of medical probability, that the SMITH'S accident proximately caused Plaintiff to incur the medical expenses claimed in this litigation?

9. Whether Plaintiff's medical expenses were reasonable and necessary?

10. Whether evidence of Plaintiff's preexisting conditions bars or limits her ability to seek damages herein?

11. Whether Plaintiff's failure to apportion medical treatment between her preexisting medical conditions and those caused by the accident bars or limits her ability to seek damages herein?

12. Whether the subject accident caused any of the injuries alleged by Plaintiff?

13. Whether Plaintiff failed to mitigate her damages?

## VIII.

### THE FOLLOWING ARE THE CONTESTED ISSUES OF LAW TO BE DETERMINED UPON TRIAL

A. **Plaintiff:**

1. Whether SMITH'S was negligent?

2. Whether the injuries suffered by Plaintiff were proximately caused by SMITH'S negligence?

CLAC 7171242.1

**B.** **Defendant:**

1. The issues of law to be raised by the parties in motions in limine.

2. Whether Defendant was negligent?

3. Whether Plaintiff was negligent?

4. Whether Plaintiff can sustain her burden of proof that she incurred damages?

5. Whether Plaintiff can prove that the SMITH'S accident proximately caused her claimed injuries?

6. Whether Plaintiff can prove the necessary elements for her negligence cause of action?

## IX.

## EXHIBITS

The following exhibits, although not agreed to as admissible in evidence of this case are subject to be used by the parties:

**(A)** **Plaintiff's Exhibits:**

1. Defendant Smith's Food and Drug Centers Inc.'s Answer to the Complaint ANS000001 – ANS000007

2. Medical Records and Bills from Centennial Hills Hospital Medical Center CHHMC000001 –CHHMC000049;

3. Medical Bills from Shadow Emergency Physicians, PLLC SEP000001 –SEP000003

4. Medical Records and Bills from Laboratory Corporation of America Holdings LCAH000001 –LCAH000015;

5. Medical Records and Bills from Internal Medicine Specialists IMS000001 –IMS000012

6. Medical Records and Bills from Simon Med Imaging SMI000001 –SMI000011

7. Medical Records and Bills from Center for Wellness and Pain Care of LV CWPCLV000001 –CWPCLV000121;

8. Medical Records and Bills from Durango Outpatient Surgery Center DOSC000001 – DOSC000058;

9. Additional Medical Records and Bills from Center for Wellness and Pain Care of LV CWPCLV000122–CWPCLV000249; and

10. Future Medical from Dr. David Fish, M.D. FE-FISH000001– FE-FISH000014.

CLAC 7171242.1

11. Incident Photos

12. Dr. David Fish's disclosed initial and supplemental Expert Reports and CV.

**(B)     Defendant's exhibits:**

Defendant will offer the following Exhibits into evidence at trial:

1. Incident Report (DEF-0000001 – DEF-0000003);

2. Customer Statement (DEF-0000004 – DEF-0000005);

3. Sweep/Floor Inspection Statement (DEF-0000006);

4. Sweeps Floor Inspection Report (DEF-0000007 – DEF-0000008);

5. Evidence Report (DEF-0000009 – DEF-0000011);

6. One (1) DVD from date of incident – Sherrie Atteberry – 9/16/19 fall – Beer Slip and Fall.

7. Plaintiff's medical records from: Center for Wellness and Pain Care (CFW-0000001 – CFW-0000161);

8. Plaintiff's medical records from: Internal Medicine Specialists (IMS-0000001 – IMS-0000110);

9. Plaintiff's medical records from: Phillip Kissel, M.D. (PK-0000001 – PK-0000009);

10. Plaintiff's medical records from: William Sima, M.D. (WS-0000001 – WS-0000050);

11. Plaintiff's medical records from: Twin Cities Community Hospital (TCC-0000001 – TCC-0000292);

12. Plaintiff's medical records from: CVS Pharmacy (CVS-0000001 – CVS-0000010);

13. Plaintiff's Responses to Requests for Admissions;

14. Plaintiff's Responses to Requests for Production;

15. Plaintiff's Answers to Interrogatories;

16. Expert Report, CV and Fee Schedule of Vladimir Sinkov, M.D.;

17. Enhanced copy of the SMITH'S video;

18. Still prints from the SMITH'S video;

19. Blowups and/or overlaid copies of SMITH's video and/or prints.

Defendant reserves the right to utilize any or all of the exhibits listed by Plaintiff or those listed below as necessary to impeach or rebut evidence presented by Plaintiffs at trial:

CLAC 7171242.1

20. Letter from Sedgwick CMS to Sherrie Atteberry dated September 19, 2019 (DEF-0000012);

21. Letter from Sandy Van, Esq. to Smith's Food and Drug Center faxed September 24, 2019 (DEF-0000013 – DEF-0000016);

22. Letter from Sedgwick CMS to Sandy Van, Esq. dated September 25, 2019 (DEF-0000017);

23. Letter from Sedgwick CMS to Van and Associates Law firm dated May 12, 2020 (DEF-0000018);

24. Letter from Sandy Van, Esq. to Sedgwick CMS dated May 19, 2021 (exhibits to be produced upon request) (DEF-0000019 – DEF-0000021);

25. Letter from Sedgwick CMS to Van Law Firm dated May 31, 2021 (DEF-0000022);

26. Letter from Sandy Van, Esq. to Sedgwick CMS dated August 10, 2021 (DEF-0000023 – DEF-0000024); and

27. Letter from Sandy Van, Esq. to Sedgwick CMS dated September 27, 2021 (DEF-0000025).

Defendant may utilize any or all of the medical records produced by either party in this case during this litigation to impeach evidence provided by Plaintiffs at trial.

**The following documents may be marked as exhibits, but shall not be admissible in evidence at this time:**

Defendant's Exhibits: 1, 2, 3, 4, 5, and 6.

**As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:**

**(A)  Objections as to Plaintiff's exhibits:**

Counsel for the parties have reviewed Plaintiff's proposed exhibits 2-10 and each party stipulates that said medical records are authentic. Thus, neither side needs to call a custodian of records or medical provider to authenticate said documents.

Notwithstanding the foregoing agreement between counsel, Defendant objects to any and all medical records offered by Plaintiff's attorney in Plaintiff's proposed exhibits 2-10 until and unless a foundation has been provided to establish, to a reasonable degree of medical probability, that the medical treatment described in said records was reasonable, necessary and proximately caused by the accident involved in this litigation. (FRE 402 and 403) In addition, Defendant objects to Plaintiff's

exhibits 2-10 on the grounds of relevance and unfair prejudice. Defendant also objects to any hearsay information contained in the medical records. (FRE 402, 403 and 801).

**(B)** **<u>Objections as to Defendant's exhibits:</u>**

Plaintiff objects to Defendant's exhibits listed below on the grounds stated hereinafter. Plaintiff objects to any and all exhibits offered by Defendant's attorney until and unless a foundation has been provided. Plaintiff specifically objects to the correspondence sent by her counsel to Defendant's carrier and/or third-party administrator as being violative of the collateral source rule as well as the rule excluding discussions of compromise.

Counsel for the parties have reviewed Defendant's proposed exhibit 7-12, and each party stipulates that said medical records are authentic. Thus, neither side needs to call a custodian of records or medical provider to authenticate said documents. Notwithstanding the foregoing agreement between counsel, Plaintiff objects to any and all medical records offered by Defendant's attorney in Defendant's proposed exhibits 7-12, until and unless a foundation for the records has been established. In addition, Plaintiff objects to Defendant's exhibits 1, 2, 3, 4, 5, 8, 9, 10, 11, 16, 17 and on the grounds of relevance; hearsay, and unfair prejudice. Plaintiff also objects to any hearsay information contained in the medical records. (FRE 402, 403 and 801).

Plaintiff objects to Defendant's exhibits 1, 2, 3, 4, 5, 8, 9, 10, 11, 16, 17, 20, 21, 22, 23, 24, 25, 26, and 27 on the grounds of foundation, relevancy, unfair prejudice and hearsay. Written discovery responses are improper exhibits and should not be submitted to the jury panel. (FRE 402, 403, and 801).

Plaintiff objects to Defendant's exhibits 1, 2, 3, 4, 5, 8, 9, 10, 11, 16, 17, 20, 21, 22, 23, 24, 25, 26, and 27 on the grounds of foundation,
 relevancy, and hearsay. (FRE 402, 403, and 801).

**(C)** Electronic evidence: The parties anticipate utilizing the court's electronic evidence display system. The parties do not anticipate utilizing native electronic evidence but will be displaying video electronically. This includes the presentation of video electronically to the jury for deliberations. The parties will coordinate with the courtroom administrator as contemplated by the Local Rules.

9

CLAC 7171242.1

**Depositions:**

**Plaintiff:** Plaintiff intends to offer live testimony of designated witnesses at trial. Plaintiff does not anticipate offering any depositions unless a witness becomes unavailable at the time of trial. Plaintiff also reserves the right to use the deposition of Plaintiff for purposes of impeachment.

**Defendant:** Defendant intends to offer live testimony of designated witnesses at trial. Defendant does not anticipate offering any depositions unless a witness becomes unavailable at the time of trial. Defendant also reserves the right to use the deposition of Plaintiff for purposes of impeachment.

## X.

## WITNESSES

The following witnesses may be called upon by the parties at trial:

**(A)** **Plaintiff's Witnesses:**

1. SHERRIE ATTEBERRY, *Plaintiff*
   c/o VAN LAW FIRM
   Burke L. Huber, Esq.
   1290 S. Jones Blvd.,
   Las Vegas, NV 89146

2. TYLER TATE, *Defendant*
   Address unknown

3. KEITH LYTLE, *Witness*
   c/o COOPER LEVENSON P.A.
   3016 West Charleston Boulevard - #195
   Las Vegas, NV 89102
   (702) 366-1125

4. David J. Cercone, D.O. and/or
   Person(s) Most Knowledgeable and/or
   Custodian of Records of
   Centennial Hills Hospital Medical Center
   6900 North Durango Drive
   Las Vegas, NV 89149

5. Person(s) Most Knowledgeable and/or
   Custodian of Records of
   Shadow Emergency Physicians, PLLC
   P.O. Box 13917
   Philadelphia, PA 19101-3917

10

CLAC 7171242.1

      6.    Person(s) Most Knowledgeable and/or
            Custodian of Records of
            Laboratory Corporation of America Holdings
            P.O. Box 2240
            Burlington, North Carolina 27216-2240

      7.    Rebecca Sinai, D.O. and/or
            Person(s) Most Knowledgeable and/or
            Custodian of Records of
            Internal Medicine Specialists
            201 North Buffalo Drive
            Las Vegas, NV 89145

      8.    Matthew Hudkins, M.D. and/or
            Hannah Russell, D.O. and/or
            Travis Snyder, D.O. and/or
            Person(s) Most Knowledgeable and/or
            Custodian of Records of
            Simon Med Imaging
            P.O. Box 204165
            Dallas, TX 75320-4165

      9.    Ruben G. Alexander, M.D. and/or
            Neville Campbell, M.D., M.B.A. and/or
            Peter Su, M.D. and/or
            Person(s) Most Knowledgeable and/or
            Custodian of Records of
            Center for Wellness and Pain Care of LV
            311 North Buffalo Drive, Suite A
            Las Vegas, NV 89145

    10.  Person(s) Most Knowledgeable and/or
            Custodian of Records of
            Durango Outpatient Surgery Center
            8530 West Sunset Road, Suite 100
            Las Vegas, NV 89113

    11.  David Fish, MD.
            Physical Medicine and Rehabilitation
            1350 Davies Drive
            Beverly Hills, CA 90210

**(B)**    <u>**Defendant's witnesses:**</u>

1.    Lisa Webb-Fowler
     c/o COOPER LEVENSON, P.A.
     3016 West Charleston Boulevard - #195
     Las Vegas, NV 89102
     (702) 366-1125

CLAC 7171242.1

2. Tyler Tate
300 5th Street
Idaho Falls, ID  83401

3. Keith Lytle
c/o COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102
(702) 366-1125

4. Heidi Cameron
c/o SMITH'S Store No. 361
4700 West Ann Road
North Las Vegas, NV 89031
(702) 395-4199

5. Christina Delpopolo, or other Store Manager Store #361
c/o COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102
(702) 366-1125

6. Vladmir Sinkov, M.D.
SINKOV SPINE CENTER
1627 E Windmill Ln Ste 100
Las Vegas, NV 89123
(702) 710-1010

7. SHERRIE ATTEBERRY, *Plaintiff*
c/o VAN LAW FIRM
Burke L. Huber, Esq.
1290 S. Jones Blvd.,
Las Vegas, NV 89146

Defendant reserves the right to call any medical provider identified by Plaintiff during this litigation. Said medical provider may be called to testify regarding their care and treatment rendered to Plaintiff.

Defendant also reserves the right to call any witness identified by Plaintiff.

Plaintiff reserves the right to call any witness identified by Defendant.

## XII.

## TRIAL DATE

Counsel have met and herewith submit three (3) agreed-upon trial dates:

a. May 8, 2023

b. June 5, 2023

12

CLAC 7171242.1

c.   August 14, 2023

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible; if not, the trial will be set at the convenience of the Court's calendar.

## XIII.

## TIME FOR TRIAL

It is estimated that the trial herein will take a total of 3-5 days

| VAN LAW FIRM | COOPER LEVENSON, P.A. |
|---|---|
| /s/ Burke L. Huber<br>Burke L. Huber, Esq.<br>Nevada Bar No. 010902<br>1290 S. Jones Blvd.<br>Las Vegas, Nevada 89146<br>*Attorneys for Plaintiff* | /s/ Jerry S. Busby<br>Jerry S. Busby, Esq.<br>Nevada Bar No. 001107<br>Gregory A. Kraemer, Esq.<br>Nevada Bar No.: 10911<br>3016 West Charleston Blvd. #195<br>Las Vegas, NV 89102<br>*Attorneys for Defendant*<br>*Smith's Food & Drug Centers, Inc.* |

## XI.

## ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on May 8, 2023, at 9:00 a.m. Calendar call will be held on April 27, 2023, at 9:30 a.m. in courtroom 6B.

DATED:  November 7, 2022.

_____
UNITED STATES DISTRICT JUDGE

CLAC 7171242.1